UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

RAY ANTHONY USSERY ]
    Plaintiff, ]
     ] No 1 07 0048
v. ] 
     ] Judge Campbell
MARSHALL COUNTY JAIL ]
    Defendant. ]

## MEMORANDUM

The plaintiff, proceeding *pro se*, is an inmate at the Marshall County Jail in Lewisburg, Tennessee. He brings this action pursuant to 42 U.S.C. § 1983 against the Marshall County Jail, seeking unspecified relief.

The plaintiff suffers from a hernia. He alleges that the medical staff at the jail has failed to provide him with medical care for this condition in violation of his constitutional rights.

To establish a claim for § 1983 relief, the plaintiff must plead and prove that a person or persons, while acting under color of state law, deprived him of some right guaranteed by the Constitution or laws of the United States. Parratt v. Taylor, 451 U S 527, 535, 101 S Ct 1908, 1913, 68 L Ed 2d 420 (1981).

A county jail or workhouse is not a person that can be sued under 42 U S C § 1983. Marsden v. Federal Bureau of Prisons, 856 F Supp. 832, 836 (S.D.N.Y 1994); Powell v. Cook County Jail, 814 F Supp. 757, 758 (N D Ill. 1993). Of course, giving this *pro se* pleading a liberal construction, the Court could construe the complaint as an attempt to state a claim against Marshall County, the entity responsible for the operation of the jail. However, for Marshall County to be liable, the

plaintiff would have to allege and prove that his constitutional rights were violated pursuant to a "policy statement, ordinance, regulation or decision officially adopted and promulgated" by the county. Monell v. Department of Social Services, 436 U.S. 658, 689-690 (1978). No such allegation appears in the complaint. Therefore, lacking an arguable basis in law or fact, this action shall be dismissed as legally frivolous. 28 U.S.C. § 1915(e)(2); Neitzke v. Williams, 490 U.S. 319 (1989).

An appropriate order will be entered.

*Todd Campbell*

Todd Campbell
United States District Judge